UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

MARK KIESLER,
on behalf of himself and
all others similarly situated,

Case No. 20-cv-1178

      Plaintiff,

v.

**COLLECTIVE AND CLASS
ACTION PURSUANT TO
29 U.S.C. §216(b) AND
AND FED. R. CIV. P. 23**

PERMA-STRUCTO, INC.
9420 Charles Street
Sturtevant, Wisconsin 53177

**JURY TRIAL DEMANDED**

      and

COLE BEAUDIN
9420 Charles Street
Sturtevant, Wisconsin 53177

      Defendants

---

## COMPLAINT

---

### PRELIMINARY STATEMENT

1.      This is a collective and class action brought pursuant to the Fair Labor Standards

Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis.

Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code

§ DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL") and Fed. R.

Civ. P. 23, by Plaintiff, Mark Kiesler, against Defendants, Perma-Structo, Inc. and Cole Beaudin.

2.      Plaintiff bring these FLSA and WWPCL claims and causes of action against

Defendant, Perma-Structo, Inc., on behalf of himself and all other similarly-situated current and

former hourly-paid, non-exempt employees for purposes of obtaining relief under the FLSA and

WWPCL for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

3. Defendant, Perma-Structo, Inc., operated (and continues to operate) an unlawful compensation system that deprived Plaintiff and all other hourly-paid, non-exempt employees of their wages earned for all compensable work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, by failing to include all forms of non-discretionary compensation, such as monetary bonuses, shift differentials, incentives, awards, and/or other rewards and payments, in all current and former hourly-paid, non-exempt employees' regular rates of pay for overtime calculation purposes, in violation of the FLSA and WWPCL.

4. Defendant, Perma-Structo, Inc.'s, deliberate failure to compensate its hourly-paid, non-exempt employees for hours worked at the proper and legal rate(s) of pay violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

5. Plaintiff also brings common law Defamation claims and causes of action against Defendant, Cole Beaudin, on behalf of himself for purposes of obtaining relief under Wisconsin common law for compensation, damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate as a result of Beaudin's knowingly false and/or misleading comments and conduct about Plaintiff to law enforcement subsequent to the end of Plaintiff's employment with Defendant, Perma-Structo, Inc.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

7. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., and Wisconsin common law Defamation, because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants do business in, reside in, and have substantial and systematic contacts in this District.

**<u>PARTIES AND COVERAGE</u>**

9. Plaintiff, Mark Kiesler, is an adult male resident of the State of Wisconsin with a post office address of 2022 Orchard Street, Racine, Wisconsin 53405.

10. Defendant, Perma-Structo, Inc. (hereinafter, if referred to singularly, "Defendant Company"), was, at all material times herein, a Wisconsin entity with a principal address of 9420 Charles Street, Sturtevant, Wisconsin 53177.

11. Defendant Company is privately-owned company that specializes in poured concrete foundations.

12. Defendant Company is owned, operated, and managed by Mark Beaudin and Patti Beaudin.

13. Defendant, Cole Beaudin (hereinafter, if referred to singularly, "Defendant Beaudin"), is an individual resident of the State of Wisconsin with a principal business address of 9420 Charles Street, Sturtevant, Wisconsin 53177.

14. Defendant Beaudin is an employee of Defendant Company and the son of Mark Beaudin and Patti Beaudin.

15. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Company owned, operated, and managed a physical location in the State of Wisconsin, located at 9420 Charles Street, Sturtevant, Wisconsin 53177.

16. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff performed compensable work as an hourly-paid, non-exempt employee in the positions of General Laborer and Team Lead on Defendant Company's behalf, at Defendant Company's direction, for Defendant Company's benefit, and/or with Defendant Company's knowledge.

17. For purposes of the FLSA, Defendant Company was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

18. For purposes of the WWPCL, Defendant Company was an "employer" of Plaintiff, and Plaintiff was "employed" by Defendant Company, as those terms, or variations thereof, are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

19. During the relevant time periods as stated herein, Defendant Company was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

20. During the relevant time periods as stated herein, Defendant Company employed more than two (2) employees.

21. During the relevant time periods as stated herein, Defendant Company's annual dollar volume of sales or business exceeded $500,000.

22. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

23.     Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint (ECF No. 1).

24.     Plaintiff brings this action on behalf of himself and all other similarly-situated hourly-paid, non-exempt employees employed by Defendant Company within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff and all other hourly-paid, non-exempt employees were subjected to Defendant Company's same unlawful policies as enumerated herein and performed similar job duties.

25.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees on whose behalf Plaintiff brings this Complaint performed compensable work on Defendant Company's behalf, at Defendant's direction, for Defendant's benefit, and/or with Defendant's knowledge at physical locations that were owned, operated, and managed by Defendant.

26.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Company supervised Plaintiff's and all other hourly-paid, non-exempt employees' day-to-day activities.

27.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Company hired, terminated, promoted, demoted, and suspended Plaintiff and all other hourly-paid, non-exempt employees.

28.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Company reviewed Plaintiff's work performance and the work performance of all other hourly-paid, non-exempt employees.

29.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Company established Plaintiff's and all other hourly-paid, non-exempt

employees' work schedules and provided Plaintiff and all other hourly-paid, non-exempt employees with work assignments and hours of work.

30.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Company established the terms, conditions, work rules, policies, and procedures by which Plaintiff and all other hourly-paid, non-exempt employees abided in the workplace.

31.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Company oversaw, managed, and adjudicated Plaintiff's and all other hourly-paid, non-exempt employees' employment-related questions, benefits-related questions, and workplace issues.

32.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Company compensated Plaintiff and all other hourly-paid, non-exempt employees for hours worked and/or work performed, including with additional forms of compensation, such as monetary bonuses, shift differentials, incentives, and/or other rewards and payments.

## **<u>GENERAL ALLEGATIONS</u>**

33.     In approximately August 2000, Defendant Company hired Plaintiff as an hourly-paid, non-exempt General Laborer.

34.     In approximately the year 2001, Defendant Company promoted Plaintiff to the hourly-paid, non-exempt position of Team Lead, reporting directly to Thomas Stollenwerk, Supervisor, who reported directly to Defendant Beaudin.

35.     During Plaintiff's employment with Defendant Company, Plaintiff performed compensable work on Defendant Company's behalf, with Defendant Company's knowledge, for

Defendant Company's benefit, and/or at Defendant Company's direction in the hourly-paid, non-exempt positions of General Laborer and Team Lead.

36.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were employed by Defendant Company in hourly-paid, non-exempt job positions and performed compensable work on Defendant Company's behalf, with Defendant Company's knowledge, for Defendant Company's benefit, and/or at Defendant Company's direction at locations owned, operated, and managed by Defendant.

37.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Company maintained employment records and other documentation regarding Plaintiff and all other hourly-paid, non-exempt employees.

38.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Company maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other hourly-paid, non-exempt employees.

39.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Company maintained a centralized system for compensating Plaintiff and all other hourly-paid, non-exempt employees for all remuneration earned.

40.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees frequently worked in excess of forty (40) hours per workweek.

41.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Company knew or had knowledge that Plaintiff and all other hourly-paid, non-exempt employees frequently worked in excess of forty (40) hours per workweek.

42.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Company tracked and/or recorded Plaintiff's and all other hourly-paid, non-exempt employees' hours worked each workweek.

43.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Company's workweek for FLSA and WWPCL purposes was Sunday through Saturday.

44.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Company compensated Plaintiff and all other hourly-paid, non-exempt employees on a bi-weekly basis via paycheck.

45.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) and on a daily, weekly, and/or bi-weekly basis, Plaintiff and all other hourly-paid, non-exempt employees earned and were compensated with monetary bonuses, incentives, awards, and/or other monetary rewards and payments based on their hours worked or work performed during their employment with Defendant Company.

46.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were subject to Defendant Company's same unlawful policy, practice, custom, and/or scheme of failing to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in their regular rates of pay for overtime purposes in violation of the FLSA and WWPCL.

47.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees employed by Defendant Company were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

48.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Company's policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt employees for all hours worked each workweek, including but not limited to at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

49.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Company's unlawful pay practices as described herein resulted in Plaintiff and all other hourly-paid, non-exempt employees being deprived compensation for all hours worked each workweek, including but not limited to overtime pay for all hours worked in excess of forty (40) in a workweek.

50.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Company was or should have been aware that its policies in practice did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt employees for all hours worked each workweek, including but not limited to at the correct and lawful overtime rate of pay for all hours worked in excess of forty (40) in a workweek.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

51.     Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b).  The similarly situated employees include:

> All current and former hourly-paid, non-exempt employees employed by Defendant Company within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendant Company's failure to include all forms of non-discretionary compensation in said employees' regular rates of pay for overtime calculation purposes.

52.     Plaintiff and the FLSA Collective primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

53.     Plaintiff and the FLSA Collective were compensated on an hourly basis (and not on a salary basis) each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

54.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Company compensated Plaintiff and the FLSA Collective with, in addition to an hourly or regular rate(s) of pay, other forms of non-discretionary compensation – such as performance-based and/or attendance-based monetary bonuses and incentives, awards, and/or other rewards and payments – on a bi-weekly, monthly, quarterly, and/or annual basis.

55.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), the monetary compensation that Defendant Company provided to Plaintiff and the FLSA Collective was non-discretionary in nature: it was made pursuant to a known plan

(performance or productivity) or formula and/or were announced and known to Plaintiff and the FLSA Collective to encourage and/or reward their steady, rapid, productive, reliable, safe, consistent, regular, predictable, continued, and/or efficient work performance and/or hours worked.

56.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Company's pay practices failed to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in Plaintiff's and the FLSA Collective's regular rate(s) of pay for overtime calculation and compensation purposes during workweeks when said employees worked more than forty (40) hours during the representative time period.

57.     Defendant Company's deliberate failure to properly compensate Plaintiff and the FLSA Collective in such a fashion as described in the aforementioned paragraphs violated federal law as set forth in the FLSA.

58.     Defendant Company's unlawful practice as it relates to non-discretionary compensation described herein failed to compensate and deprived Plaintiff and the FLSA Collective of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

59.     Defendant Company was or should have been aware that its unlawful practice as it relates to non-discretionary compensation failed to compensate and deprived Plaintiff and the FLSA Collective of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

60.     Plaintiff's FLSA Cause of Action is brought under and maintained as an opt-in Collective Action Pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the FLSA Collective, and this Cause of Action may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

61.     Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements, and/or pay provisions, and are and have been subject to Defendant Company's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them properly and lawfully with overtime compensation. Plaintiff's claims and causes of action as stated herein are the same as those of the FLSA Collective.

62.     Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among any other FLSA violations, Defendant Company's practice of failing to include all forms of non-discretionary compensation in the FLSA Collective's regular rates of pay for overtime compensation and calculation purposes.

63.     The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant Company. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendant and through posting at Defendant Company's locations in areas where postings are normally made.

64.     Defendant Company's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

65.    Plaintiff brings this action on behalf of himself and all other similarly situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23.  The similarly situated employees include:

> All current and former hourly-paid, non-exempt employees employed by Defendant Company in the State of Wisconsin within the two (2) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendant Company's failure to include all forms of non-discretionary compensation in said employees' regular rates of pay for overtime calculation purposes.

66.    The Wisconsin Class members are readily ascertainable. The number and identity of the Wisconsin Class members are determinable from the records of Defendant Company. The job titles, length of employment, and the rates of pay for the Wisconsin Class members are also determinable from Defendant Company's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant Company. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

67.    The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over fifty (50) members of the Wisconsin Class.

68.    Plaintiff's claims are typical of those claims which could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All of the Wisconsin Class members were subject to the same corporate practices of Defendant Company, as alleged herein.

Defendant Company's corporate-wide policies and practices affected all Wisconsin Class members similarly, and Defendant Company benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Class member. Plaintiff and other Wisconsin Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

69.     Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Class and has no interests antagonistic to the Wisconsin Class. Plaintiff is represented by counsel who is experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

70.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Wisconsin Class members to redress the wrongs done to them.

71.     Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of

the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendant Company and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

72.     Defendant Company has violated the WWPCL regarding payment of wages and overtime premium wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

73.     There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from Defendant Company's actions include, without limitation, the following: (a) Whether Defendant Company provided the Wisconsin Class with forms of non-discretionary compensation; (b) Whether Defendant Company maintained an unlawful compensation system that failed to include these forms of non-discretionary compensation in current and former hourly-paid, non-exempt employees' regular rates of pay for overtime calculation purposes; and (c) The nature and extent of class-wide injury and the measure of damages for the injury.

74.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

## DEFAMATION ALLEGATIONS

75.     During Plaintiff's employment with Defendant Company and for the better part of a decade, Plaintiff drove a Defendant Company-owned vehicle to, from, and between job sites during the work day.

76.     During Plaintiff's employment with Defendant Company and for the better part of a decade, Defendants knew or had knowledge that Plaintiff drove a Defendant Company-owned vehicle to, from, and between job sites during the work day.

77.     During Plaintiff's employment with Defendant Company and for the better part of a decade, Plaintiff's normal and customary daily routine was as follows: to travel from his residence to Defendant Company's physical location in Sturtevant, Wisconsin at the beginning of the workday in his personal vehicle; to park his personal vehicle at Defendant Company's physical location in Sturtevant, Wisconsin and use a Defendant Company-owned vehicle to travel to, from, and between job sites during the work day; to travel back from job sites to Defendant Company's physical location in Sturtevant, Wisconsin at the end of the work day in a Defendant Company-owned vehicle; and, finally, to travel from Defendant Company's physical location in Sturtevant, Wisconsin back to his residence in his personal vehicle at the end of the workday.

78.     During Plaintiff's employment with Defendant Company and for the better part of a decade, Defendants knew or had knowledge of Plaintiff's normal and customary daily routine, as described in the aforementioned paragraph.

79.     On or about the morning of June 15, 2020, Plaintiff travelled from his residence to Defendant Company's physical location in Sturtevant, Wisconsin at the beginning of the workday in his personal vehicle, parked his personal vehicle at Defendant Company's physical location in Sturtevant, Wisconsin, and used a Defendant Company-owned vehicle to travel to a job site.

80.     On or about the morning of June 15, 2020, Defendants knew or had knowledge that Plaintiff travelled from his residence to Defendant Company's physical location in Sturtevant, Wisconsin at the beginning of the workday in his personal vehicle, parked his personal vehicle at Defendant Company's physical location in Sturtevant, Wisconsin, and used a Defendant Company-owned vehicle to travel to a job site.

81.     On or about the morning of June 15, 2020, Plaintiff was physically present at a job site, along with Stollenwerk and Defendant Beaudin.

82.     At approximately 9:30 a.m. on or about June 15, 2020 and with Defendant Beaudin physically present and looking on, Stollenwerk terminated Plaintiff's employment with Defendant Company.

83.     Immediately after Stollenwerk terminated Plaintiff's employment with Defendant Company at approximately 9:30 a.m. on or about June 15, 2020 and in the presence of Defendant Beaudin, Plaintiff got into the same Defendant Company-owned vehicle that he drove to the job site earlier that day and drove to Defendant Company's physical location in Sturtevant, Wisconsin to retrieve his personal vehicle. When Plaintiff arrived at Defendant Company's

physical location in Sturtevant, Wisconsin, he dropped off the Defendant Company-owned vehicle, informed Robert Dawson, Defendant's Scheduler/Coordinator that he had just been terminated, left the Defendant Company-owned vehicle at Defendant Company, retrieved his personal vehicle, and drove home – arriving home between approximately 10:00 a.m. and 10:30 a.m.

84.     Between the time when Stollenwerk terminated Plaintiff's employment and when Plaintiff returned home on or about the morning of June 15, 2020, Defendant Beaudin communicated to third parties, including but not limited to law enforcement and Defendant Company's employees, that Plaintiff had stolen a Defendant Company-owned vehicle.

85.     Between approximately 10:30 a.m. and 11:30 a.m. on or about the morning of June 15, 2020, law enforcement officials arrived at Plaintiff's home, placed Plaintiff into handcuffs, and arrested Plaintiff outside of his home in front of his neighbors and on-lookers, claiming that Plaintiff had stolen a Defendant Company-owned vehicle.

86.     On or about the morning of June 15, 2020 and as law enforcement officials were arresting Plaintiff outside of his home, Plaintiff called Defendant Company and spoke to an individual named Stephanie on the telephone. Plaintiff told Stephanie, "The police are at my home and arresting me. Can you please tell them that I didn't steal the work truck and that it's sitting in the yard right now?" or words to that effect. Stephanie responded, "I'm not going to do that," and hung up the telephone. Law enforcement officials then placed Plaintiff into their vehicle and took Plaintiff to jail.

87.     On or about June 15, 2020, Defendant Beaudin knew or had knowledge that Plaintiff had not stolen a Defendant Company-owned vehicle.

88.     On or about June 15, 2020, Defendant Beaudin communicated to third parties, including but not limited to law enforcement and employees of Defendant Company, that Plaintiff had stolen a Defendant Company-owned vehicle.

89.     On or about June 15, 2020, Defendant Beaudin communicated to employees of Defendant Company not to communicate with Plaintiff subsequent to Stollenwerk's termination of Plaintiff.

90.     On or about June 15, 2020, Defendant Beaudin communicated to employees of Defendant Company not to assist or aid Plaintiff, in any way, regarding or in relation to Plaintiff's interactions and communications with law enforcement officials.

91.     Subsequent to June 15, 2020, Plaintiff was charged with a criminal offense based on Defendant Beaudin's knowingly false communications with third parties, including but not limited to law enforcement officials, for allegedly stealing a Defendant Company-owned vehicle on or about June 15, 2020 – which, in fact, Plaintiff had not done.

### FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act of 1938, as Amended
### (Plaintiff on behalf of himself and the FLSA Collective – Overtime Pay Owed)

92.     Plaintiff, on behalf of himself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

93.     At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

94.     At all times material herein, Defendant Company was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

95.     At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant Company as provided under the FLSA.

96.     Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

97.     Defendant Company violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay at the proper and correct overtime rate of pay for each hour worked in excess of forty (40) hours each workweek by failing to include all forms of non-discretionary compensation in the FLSA Collective's regular rates of pay for overtime calculation purposes.

98.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

99.     Defendant Company was (and is) subject to the overtime pay requirements of the FLSA because Defendant Company is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

100.     Defendant Company's failure to properly compensate Plaintiff and the FLSA Collective and failure to properly include all forms of non-discretionary compensation in the regular rate of pay for overtime calculations purposes was willfully perpetrated. Defendant Company also has not acted in good faith and with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant Company acted in good faith and with reasonable grounds in failing to pay overtime premium pay wages,

Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

101. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant Company from Plaintiff and the FLSA Collective for which Defendant Company is liable pursuant to 29 U.S.C. § 216(b).

102. Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant Company acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

103. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**SECOND CLAIM FOR RELIEF**
**Violations of Wisconsin's Wage Payment and Collection Laws, as Amended**
**(Plaintiff, on behalf of himself and the Wisconsin Class – Overtime Pay Owed)**

104. Plaintiff, on behalf of himself and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

105. At all relevant times: Plaintiff and the Wisconsin Class were employees of Defendant Company within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a); Defendant Company was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5); and Defendant Company employed, and/or continue to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and § DWD 272.01.

106.     Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

107.     At all relevant times, Defendant Company had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class overtime compensation.

108.     Defendant Company willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek in violation of Wisconsin Wage Payment Laws by failing to include all forms of non-discretionary compensation in the Wisconsin Class' regular rates of pay for overtime calculation purposes.

109.     As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant Company's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant Company to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

110.     Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant Company pursuant to the WWPCL.

## THIRD CLAIM FOR RELIEF – DEFAMATION

111.     Plaintiff re-alleges and incorporates all previous paragraphs as if they were set forth herein.

112.     Subsequent to the end of Plaintiff's employment with Defendant Company, Defendant Beaudin communicated false statements about and/or regarding Plaintiff to third parties as identified and described herein.

113.     In addition to the false statements themselves that Defendant Beaudin communicated about and/or regarding Plaintiff to third parties as identified and described herein, the context and circumstances in which these statements were made, the statements' tone, implications, and purpose, including but not limited to Defendant Beaudin's intentions, contributed to the false and baseless nature of Defendant Beaudin's communications and conduct.

114.     The false comments and conduct that Defendant Beaudin communicated about and/or engaged in regarding Plaintiff as identified and described herein were communicated to individuals other than Plaintiff, including but not limited law enforcement officials.

115.     The false comments and conduct that Defendant Beaudin communicated about and/or engaged in regarding Plaintiff as identified and described herein were intended to harm Plaintiff.

116.     The false comments and conduct that Defendant Beaudin communicated about and/or engaged in regarding Plaintiff as identified and described herein were knowingly false.

117.     The false comments and conduct that Defendant Beaudin communicated about and/or engaged in regarding Plaintiff as identified and described herein were unprivileged.

118.    The false comments and conduct that Defendant Beaudin communicated about and/or engaged in regarding Plaintiff as identified and described herein resulted in criminal charges being brought against Plaintiff.

119.    As a result of the false comments and conduct that Defendant Beaudin communicated about and/or engaged in regarding Plaintiff as identified and described herein, Plaintiff has suffered damages in the form of emotional distress, pain and suffering, loss of reputation, loss of prospective employment opportunities, and attorneys' fees and costs.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a)  At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt employees employed by Defendant Company informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant Company to take any actions in retaliation of their consent to join this action;

b)  At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c)  At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d)  Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant Company's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e)  Issue an Order directing and requiring Defendant Company to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendant Company to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

g) Issue an Order directing Defendant Company to reimburse Plaintiff and all other similarly-situated hourly-paid, non-exempt employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest;

h) Issue an Order directing Defendant Beaudin to reimburse Plaintiff for any and all actual, compensatory, and punitive damages incurred as a result of Defendant Beaudin's unlawful conduct, including but not limited to, attorneys' fees and costs to defend against criminal prosecution, loss of income and prospective employment opportunities, emotional distress, pain and suffering, and loss of reputation; and

i) Provide Plaintiff and all other similarly-situated hourly-paid, non-exempt employees with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 31st day of July, 2020

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ *Scott S. Luzi*
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com